Arthur H. Howland *vs.* Inhabitants of Maynard.

Suffolk.   June 1, 2, 1893. — July 14, 1893.

Present: Field, C. J., Allen, Holmes, Morton, & Barker, JJ.

*Libel — Town — Accepting and Printing Report of Committee — Action.*

A town is not liable to an action for an alleged libel contained in the report of a committee appointed by the town, which report is, at a regularly called meeting, accepted by the town and voted to be printed and circulated, which printing and circulation are subsequently done.

Tort, against a municipal corporation, for libel.

At the trial in the Superior Court, before *Braley*, J., it appeared from the plaintiff's evidence that the alleged libel was contained in the report of an investigating committee appointed by the defendant town, with which a firm of which the plaintiff was a member had a contract for the construction of a system of waterworks; that, at a regularly called meeting of the town, the report was read, and the town voted to accept and adopt it, and to have it printed and circulated; that, after the adjournment of the meeting, the town clerk, who had charge of the report, delivered it to the representative of a newspaper published in a neighboring town, and it was printed in an extra edition of several hundred copies of that paper and circulated; and that subsequently five hundred copies of the report were printed by order of the chairman of the water commissioners of the town, and taken to a hall where the annual meeting of the town was held, and there distributed with the regular town reports by a person employed by the town for that purpose.

The judge, at the defendant's request, ruled that the action could not be maintained; ordered a verdict for the defendant; and, at the plaintiff's request, reported the case for the determination of this court.

If the ruling was right, the verdict was to stand; otherwise, a new trial was to be ordered.

*E. Avery,* (*H. L. Baker* with him,) for the plaintiff.

*J. Hillis,* for the defendant.

MORTON, J. It is possible that this case might be disposed of on the ground that there was no publication by the town of the alleged libel, or that what was done was privileged. But as we are of opinion that the defendant is not liable on the main question, we have not considered the questions of publication and privilege.

Towns are instituted, in this State and in New England generally, for political purposes. They are created for convenience in the administration of the government. *Stone* v. *Charlestown,* 114 Mass. 214, 223. *Coolidge* v. *Brookline,* 114 Mass. 592, 596. *Agawam* v. *Hampden,* 130 Mass. 528, 531. They are given such powers as are necessary to carry into effect the purposes for which they are organized. Their powers are special and limited because the purposes for which they are established are circumscribed. So far as the duties imposed upon them are purely public and common to all towns, such as the maintenance of police, health, schools, and highways, for instance, they are not liable for an injury caused to any one through neglect in their performance except in cases where a remedy is expressly given by statute. *Hill* v. *Boston,* 122 Mass. 344. *Tindley* v. *Salem,* 137 Mass. 171.

But there are many matters upon which they act that are of local concern, and which, though public in the sense that they are for the general benefit of all the inhabitants of the particular town, are special to the inhabitants of that town. Such are water works, gas or electric lighting, free baths, the maintenance of main drains and common sewers, and other similar things. Upon all these matters, those which are common to all towns, and those which may be called special and local, towns may act at meetings regularly called according to law. All things relating to them are, or properly may be, subject to the action and

consideration of the voters of the town duly assembled in town meeting. And whatever is done at such a meeting is done by the town in a legislative capacity and as a political body, and not in any sense by it as a private or quasi private corporation, whatever may be the subject that is acted upon. The town may, at such meetings, act through committees, as the Legislature does, and may accept or reject, in whole or in part, or recommit or modify in any manner, the reports of its committees.

When the reports are finally acted on by the town they become part of the doings of the meeting at which such action took place. The town may print and publish them in whole or in part, as the General Court prints and publishes its proceedings. The town meeting is a political body, like the General Court. No statute gives a right of action against a town to any individual who may be referred to in a vote of the town, or in any report of a committee accepted by it, in a manner which, if it were done by a private person, would be libellous. And no action lies, on general principles, because what is done by the town is done by it in such a case as a political body and as a part of the administration of the government. To hold that an action of libel could be maintained against the defendant under the circumstances set out in this case would be to hold, in effect, that any party who felt himself aggrieved by any statement in the record of any city council in this State could maintain an action for libel against the city. We have been referred to no case in this country in which an action of libel has been maintained against a city or town. A case in Canada and one in England, to which our attention has been called, are not authoritative, because of the differences between English and American municipalities. 1 Dillon, Mun. Corp. (4th ed.) §§ 28, 29. Moreover, it would seriously impair the freedom of investigation which is often required in the proper conduct of municipal affairs if cities and towns were held liable to be sued in actions of libel.

The view which we have taken of the case has rendered it unnecessary to consider whether a town can be guilty of malice, or to consider under what circumstances an action of tort will lie against a town and under what circumstances not, — questions which have been discussed at some length by the plaintiff in his brief.                    *Verdict to stand.*