ARTHUR STANLEY

*vs.*

INHABITANTS OF TOWN OF SANGERVILLE, et al.

Piscataquis.   Opinion March 11, 1920.

*Libel against towns.*

An action to recover damages for writing and publishing a libel may be maintained against a town, or the inhabitants thereof in their corporate capacity.

Action on the case to recover damages for alleged libel. John S. Williams, one of the defendants filed plea of general issue and brief statement. The other defendant, the inhabitants of the town of Sangerville, filed a motion to dismiss as against said inhabitants, which motion was sustained by the presiding Justice, to which ruling the plaintiff excepted. Exceptions sustained. Motion to dismiss overruled.

Case stated in opinion.

*C. W. & H. M. Hayes, and Hudson & Hudson,* for plaintiff.

*J. S. Williams and W. R. Pattangall,* for defendants.

SITTING: CORNISH, C. J., HANSON, DUNN, MORRILL, DEASY, JJ.

MORRILL, J. In his writ the plaintiff alleges that the inhabitants of the town of Sangerville and one John S. Williams did write and publish a libel imputing to the plaintiff the crime of larceny, in a writ brought by the inhabitants of said Sangerville against the plaintiff; the alleged libelous language is contained in the declaration of that writ, which in the present writ is set out as follows:

"In a plea of trespass, for that the said defendant (meaning the plaintiff, Arthur Stanley) at said Sangerville, with force and arms took, carried away and stole one Armco metal culvert of the property, goods and chattels of the said plaintiff, (meaning the said inhabitants of Sangerville) of the value of fifty dollars, and disposed of the same

to his own use." The plaintiff further alleges that the word "stole" was not pertinent to the issue in said action was not necessary to the maintenance of said action, and was inserted in said writ maliciously and in bad faith; he also alleges that the defendants delivered the libel to the clerk of the court to which the writ was returnable, there to be made a public record forever.

The inhabitants of Sangerville filed a motion to dismiss the action against them for the reason, "That said action is based on an alleged libel and that no action for damages for libel lies against a town or the inhabitants thereof in their corporate capacity." The presiding Justice sustained the motion. To this ruling the plaintiff has exceptions.

The dual capacity of New England towns as municipal corporations, in the absence of special legislation, is firmly established and has been recognized for many years. *Libby* v. *Portland,* 105 Maine, 370; *Eastman* v. *Meredith,* 36 N. H., 284; *Oliver* v. *Worcester,* 102 Mass., 499; and the same dual capacity has been recognized elsewhere. *Bailey* v. *New York,* 3 Hill, 531.

In their governmental capacity, as political sub-divisions of the State, they discharge certain public duties imposed upon them by the Legislature; and for the better discharge of those duties the inhabitants meet in town meeting for the choice of officers, for action upon reports of such officers, or committees, for the transaction of the necessary business connected with the discharge of the public duties imposed, and for the discussion of public affairs. The town upon such occasions acts in a legislative capacity and as a political body, and no action lies against a town for what is done by it as a political body and as a part of the administration of the government. Thus it was held in *Howland* v. *Inhabitants of Maynard,* 159 Mass., 434, a case relied upon by counsel for the inhabitants of Sangerville, that the town was not liable to an action for an alleged libel contained in the report of a committee appointed by the town, which report was accepted by the town at a town meeting regularly called, and printed and circulated in accordance with a vote passed at said meeting.

But, to use the language of this court in *Libby* v. *Portland,* supra, "the municipality as proprietor is not to be confounded with the municipality as legislator or custodian for the public welfare." The distinction was clearly stated in the oft cited case of *Small* v. *Danville,* 51 Maine, 359. "The several towns in this State sustain the two-

fold character of corporations and political divisions. So far as they may own and manage property, make contracts, sue and be sued, they are corporations; but, in matters pertaining to the preservation of the public health and peace, the making and repairing of highways and bridges, the support of the poor and the assessment and collection of taxes, they are political divisions, established and designed the better to enable the inhabitants to exercise and enjoy portions of the political power of the state."

In its corporate capacity as the owner of property held for its profit and advantage, the rights and liabilities of the town are measured strictly by the laws which determine all private rights and liabilities, and under the same conditions as a private corporation. *Libby* v. *Portland*, supra; *Oliver* v. *Worcester*, 102 Mass., 489, 500; *Woodward* v. *Water District,* 116 Maine, 86, 91. The maxim of respondeat superior may apply to them. 4 Dillon Mun. Corp., 5th Ed. Section 1655, (974).

It does not appear in the writ that the culvert in question was acquired by the town, or was in any way necessary, for the performance of a public duty, or was held in any governmental capacity; nor does it appear that in bringing the trespass action, the town was acting in its governmental capacity. Upon the face of the pleadings the inhabitants of the town of Sangerville in bringing the trespass suit were simply asserting their title to an article of property, which the town unquestionably had the right to own, *Libby* v. *Portland*, supra, and were seeking to recover damages of the present plaintiff for taking and carrying it away. The right to sue is one of the powers of a corporation.

It should be observed that in considering the motion to dismiss we are only concerned with the record as presented. *Richardson* v. *Wood*, 113 Maine, 330; with the offers of proof recited in the bill of exceptions we have no concern; nor can a motion to dismiss be used interchangeably with a demurrer. *Littlefield, et als.* v. *Railroad Company*, 104 Maine, 126. The precise question for decision, then, is whether, as stated in the motion, an action for damages for libel lies against a town or against the inhabitants thereof in their corporate capacity.

We think that such an action may be maintained. It has been asserted with much wealth of argument that a corporation being a mere legal entity is incapable of malice; and that an action in which

malice is a necessary element cannot be maintained against the corporation, but should be instituted against the natural persons concerned in the wrong.    But a corporation is liable in damages for the publication of a libel, as for other torts.    "The result of the cases is, that for acts done by the agents of a corporation, either in contractu or in delicto, in the course of its business, and of their employment, the corporation is responsible, as an individual is responsible under similar circumstances."    *Phila. Wilmington & Balt. R. R. Co.* v. *Quigley*, 21 How., 202, Law Ed. Bk. 16, Page 73; *Maynard* v. *Fireman's Fund Ins. Co.*, 34 Cal., 48; *Fogg* v. *B. & L. Railroad*, 148 Mass., 513.    The above are actions for libel, and actions against corporations for newspaper libel are frequently found in the reports.    In *Reed* v. *Home Savings Bank*, 130 Mass., 443, a mutual savings bank of the type common in this State, was held responsible in an action of malicious prosecution, "the malice of its authorized agents being imputable to the corporation."

We have before us no question of evidence, but simply the question whether, if the proof is sufficient, the action will lie against the town or its inhabitants in their corporate capacity, and upon the authorities cited, we think that the question must be answered in the affirmative.

*Exceptions sustained.*
*Motion to dismiss overruled.*