**GIBRALTAR SAVINGS ASSOCIATION, Appellant,**

v.

**Kenneth Wayne WATSON, et ux., Appellees.**

**No. C14-84-147-CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 15, 1984.

Kent J. Browning, John W. Berkel, Lapin, Totoz & Mayer, Houston, for appellant.

Jimmy Williamson, Doherty & Williamson, P.C., Houston, for appellees.

Before J. CURTISS BROWN, C.J., JUNELL, J., and T. GILBERT SHARPE, J., Retired.

## OPINION

T. GILBERT SHARPE, Justice, Retired.

Appellant, Gibraltar Savings Association, plaintiff below, appeals from a take-nothing judgment rendered against it in the trial court.

This case has been before the court once previously and the take-nothing judgment rendered against appellant on that occasion was reversed and the case remanded for new trial. *See Gibraltar Savings Association v. Watson*, 624 S.W.2d 650 (Tex.App. —Houston [14th Dist.] 1981, no writ). We reverse the judgment in this second appeal and render it in favor of Gibraltar. The trial court should have sustained the contentions of appellant asserted under its points of error numbers one and two which in substance state that the charge did not include all of the elements of the affirmative defense of estoppel relied on by defendants (appellees) and such omitted elements were not supported by evidence.

The opinion in the first appeal summarizes the basic facts in this case. Appellees' contentions made at that time were overruled and are not before the court on this second appeal.

The material facts are as follows: In 1969 appellees executed a note to Gibraltar in the principal sum of $21,550.00 to evidence a loan used to purchase a townhouse which was security for the note. Monthly payments were made on the note according to its terms until 1971 when a payment of $9,100.00 was mistakenly credited to appellees' account. That payment should have been credited to another customer's account having a similar number to that of appellees'. In April 1974 appellees sold the townhouse to Mr. and Mrs. Farrish. The transaction was closed by a Title Company and the note marked "paid" on the basis of a payoff balance to Gibraltar of $9,100.00 less than was owing to it because of the clerical error. The error above mentioned was discovered after the sale of the townhouse when the customer, McCandless, who was entitled to the $9,100.00 credit, inquired about it. Suit was subsequently

filed on March 10, 1975, by Gibraltar after its demands on appellees remained unsatisfied.

On the first appeal herein, this court held that the trial court should not have granted appellees' motion for judgment that appellant take nothing; but also held that appellees' defensive plea of equitable estoppel might be considered on the new trial.

On the second trial of the instant case after appellant, Gibraltar, rested its direct case the appellees also rested subject to a motion. The trial court then made the following statement, in part:

THE COURT: With respect to the charge of the Court, and before defendants have had the opportunity to dictate its motions, but anticipating what those motions will be and anticipating what this Judge is going to do with those motions, it is understood that the parties have stipulated the attorney's fees of the plaintiff's to be ten percent of $9,100, namely $910. Plaintiff is to recover those attorney's fees, plus $9,100, the amount sued for, plus interest of $6,590, being eight and one fourth percent interest from April 11, 1974 to August 2, 1983, on the said $9,100, unless defendants' affirmative defense of estoppel is found in their favor by the jury.

It is my understanding that defense counsel, Mr. Williamson, is requesting this Court, in view of the decision by the Court of Appeals in this very matter, and the pleadings, and the evidence, to permit him to argue the case first and to conclude it, on the grounds that he has the burden of proof now on the whole case, it being understood that plaintiff has established a prima facie right of recovery unless the affirmative defense of estoppel is found in defendants' favor by the jury.

MR. WILLIAMSON: That's correct.

THE COURT: So understood by both counsel?

MS. BELVAL: Yes, Your Honor.

THE COURT: Now we may have the Motions for Instructed Verdict by defendant. Go right ahead.

The appellees' (defendants') motion for instructed verdict was taken under advisement and carried along with the case, the trial court stating that he wanted to hold any final decision thereon until he found out what the jury did.

The charge of the court submitted only two special issues, both answered "yes," as follows: (1) whether Gibraltar misrepresented the terms of the payoff to the Watsons at the closing in 1974, and conditionally submitted, (2) whether the Watsons relied upon such misrepresentation at that time.

Counsel for appellant specifically objected to the proposed charge submitted by the court on the grounds that the issues submitted by it did not cover all of the elements of equitable estoppel, particularly that there was no issue of detrimental reliance and also, no issue that the appellees were without means of acquiring the true facts. These contentions should have been sustained.

■ Appellant's objections to the court's charge were clearly stated. If the trial court was of the opinion that the evidence supported the giving of such two omitted issues, they should have been submitted to the jury, and the answers thereto dealt with at a later time.

This court in the case of *Airline Commerce Bank v. Wilburn*, 609 S.W.2d 813, 815 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ) stated the applicable rules concerning equitable estoppel as follows:

Equitable estoppel being an affirmative defense, the burden of proving it rests on the party asserting it and requires proof of all elements necessary to constitute it. *Concord Oil Co. v. Alco Oil and Gas Corp.*, 387 S.W.2d 635 (Tex.1965). In order to avoid liability on the note by estoppel, appellees must have established proof in the record of the existence of a false representation or a concealment of material facts; that the representation or concealment was made with knowledge,

actual or constructive, of the facts; that the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; that it was made with the intention that it be acted on; and that the party to whom it was made must have relied or acted on it to his prejudice. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952).

■ The omitted issues were waived by appellees under the conditions and there was no basis for a take-nothing judgment against appellant. TEX.R.CIV.P. 279; *Texas Employer's Insurance Ass'n v. Neuman,* 379 S.W.2d 295 (Tex.1964).

■ The record reflects that the basic facts necessary for recovery by appellant were stipulated as to principal, calculation of interest and attorney's fees and appellees' complete estoppel issue was waived. Appellant's motion for judgment notwithstanding the verdict should have been granted. There is no reason to remand. This court should and does render the judgment that the trial court should have rendered. TEX.R.CIV.P. 434.

The judgment will be reversed and here rendered in favor of appellant as of November 14, 1983, for the amounts above indicated with judgment interest at the rate of 8¼% per annum. TEX.REV.CIV.STAT. ANN. art. 5069–1.05 (Vernon 1984); *Houston Natural Gas & Fuel Co. v. Perry,* 127 Tex. 102, 91 S.W.2d 1052 (1936); *Carter v. McHaney,* 373 S.W.2d 82 (Tex.Civ.App.— Corpus Christi 1963, no writ).