Jerrell D. INMAN, Sr., Appellant,

v.

CITY OF KATY and Billy Johnson, in his Capacity as Assistant Chief of Police, Appellees.

No. 13–93–485–CV.

Court of Appeals of Texas, Corpus Christi.

May 18, 1995.

Robert J. Thomas, Houston, for appellant.

William B. Allison, Sewell & Riggs, Houston, for appellees.

Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

This is an appeal of a summary judgment granted by the trial court in favor of a municipality. Appellant, Jerrell D. Inman, Sr., sought recovery for slander and tortious interference with a business relationship against the City of Katy, Texas and Billy Johnson, Assistant Chief of Police for the City of Katy. It should be noted that Johnson was not sued individually but solely in his official capacity. We affirm the judgment of the trial court.

This action is tantamount to a claim made against the City of Katy. *Brandon v. Holt,* 469 U.S. 464, 471–472, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985); *Winograd v. Clear Lake City Water Authority,* 811 S.W.2d 147, 162 (Tex.App.—Houston [1st Dist.] 1991, writ denied). As such, the threshold question is whether governmental immunity applies as a bar to the appellant's claims of slander and

tortious interference with a business relationship.

Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact as to one or more of the essential elements and that the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). On disputed fact issues, we take all evidence favoring the nonmovant as true; we indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

The appellant, a former police officer for the City of Katy, was employed as a county constable in Harris County when the incident giving rise to this action occurred. Appellant was involved jointly in some burglary investigations with the city police from Katy. Appellee arranged to meet with appellant's supervisors to discuss certain problems he was having with appellant's conduct during these investigations. Prior to this meeting, however, appellee was ordered by the Katy Chief of Police to investigate certain allegations that appellant, while employed by the city, misappropriated city funds in the course of collecting warrant fees.

Although there appears to be conflicting testimony about what appellee Johnson specifically said at this meeting concerning appellant's conduct and the investigation, it is clear that the communications were made only to appellant's supervisors.[1] A few days after this meeting, appellant was terminated from the constable's office. It is appellant's contention that he was falsely accused of an impropriety during this meeting and was wrongly terminated due to the false accusations.

■ Governmental entities are traditionally immune from suit except for areas in which immunity has been waived. The Tex-

as Tort Claims Act defines the breadth of the waiver.

The Act waives immunity in § 101.021 for:

(1) property damage, personal injury, and death caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:

    (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

    (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex.Civ.Prac. & Rem.Code Ann. § 101.021, (Vernon 1986).[2]

These waivers apply to municipalities performing governmental functions. "Governmental functions" are those functions which are "enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public." § 101.0215(a). Police and fire protection and control are explicitly included in the statute as a governmental function. The appellees provide uncontroverted summary judgment proof that Johnson was ordered to investigate certain criminal allegations against Inman. His conversation with the members of the constable's office was clearly within the context of the investigation. The investigation was a police matter and thus a governmental function for which immunity applies.

■ Our decision here is consistent with our previous determination that a municipality is immune from an action for libel when the statements are alleged to have occurred

---

1. Appellant further alleges in his brief that appellee made slanderous statements to a municipal court clerk and to a chief of police from a nearby city. There was, however, no competent summary judgment evidence submitted to the lower court to substantiate these allegations, and thus this Court will not consider same.

2. All future statutory references are to the Texas Tort Claims Act unless otherwise indicated. Tex.Civ.Prac. & Rem.Code Ann. § 101.001 (Vernon 1986).

during the performance of a governmental function. *City of Dallas v. Moreau,* 718 S.W.2d 776, 779 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) In *Moreau,* a city marshall was fired following an accusation that he shot his weapon without legal justification. *Id.* at 778. The letter of termination was circulated and a copy posted on the employee bulletin board. This court held that the action taken by the marshall's office was in the performance of a police function, and that the operation of a police department is a governmental function for which the city is immune from suit. *Id.* at 779. The libel alleged in *Moreau* is similar to the slander in this case.

■ Appellant argues that governmental immunity does not apply to Johnson's actions because they were "proprietary" in nature. This characterization is sought because of the exclusion in the Tort Claims Act to damages arising from a municipality's proprietary functions. § 101.0215(b). The statute defines proprietary functions as follows:

> Those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality, including but not limited to:
>
> (1) the operation and maintenance of a public utility;
>
> (2) amusements owned and operated by the municipality, and
>
> (3) any activity that is abnormally dangerous or ultrahazardous.

§ 101.0215(b). The governmental functions enumerated in § 101.0215(a) are not proprietary functions. § 101.0215(c).

Courts have deemed some unenumerated activities as proprietary. *Josephine E. Abercrombie Interests, Inc. v. City of Houston,* 830 S.W.2d 305, 309 (Tex.App.—Corpus Christi 1992, writ denied) (administration of a block grant loan program to private developers); *City of Houston v. Southwest Concrete Constr., Inc.,* 835 S.W.2d 728, 731 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (administration of rehabilitation loan program). These activities are distinguishable from the slander alleged to have occurred during a police department's internal affairs investigation.

Appellant agrees that if the city provides the governmental function of police protection, it is protected by governmental immunity. The act allows recovery for injuries resulting from certain tortious acts of city employees for which the city would otherwise be immune. § 101.021. However, appellant's argument appears to be that when Johnson made the allegedly slanderous remarks, the governmental character of his actions became proprietary because the remarks were not necessary to the police investigation thus removing the city's governmental immunity. Yet, appellant further asserts that Johnson exceeded the authority of his office and the investigation when he made the remarks. If we construe the facts to support both arguments set forth by the appellant, we would find that Johnson stepped out of a protected governmental function and acted in his individual capacity. This would absolve the City of Katy of any liability.

In determining whether or not the action was proprietary, it is contrary to the intent of the Tort Claims Act for the court to focus exclusively on the appellee's specific conduct without first considering the context within which the conduct occurred. As the appellant would have it, any act committed by a municipal employee outside his authority would be proprietary, tortious, and subsequently actionable. This court will not recognize appellant's interpretation of "proprietary." On the other hand the evidence showed that Johnson's statements were made within the context of a police investigation. He, in his official capacity, and the City of Katy are immune from suit for slander. The trial court properly granted summary judgment on this basis.

■ Summary judgment was also proper for the claim of tortious interference with business relations. Interference with business relations is tortious only if it is intentional. *Southwestern Bell Tel. Co. v. John Carlo Texas, Inc.,* 843 S.W.2d 470, 471 (Tex. 1992). The Tort Claims Act does not waive governmental immunity for intentional torts. § 101.057(2). The summary judgment is therefore also upheld as to this claim.

Appellees also assert the defense of truth as a basis for summary judgment. The only competent summary judgment proof before the court was the testimony of constables Camus and Cheek. According to them, the only statement made by Johnson was that appellant was under investigation by the city. This statement is supported by the affidavit of Chief of Police Pat Adams who verified that he did order an investigation of appellant. Appellant failed to raise any error on this basis. Truth is a complete defense to defamation. *Randalls Food Mkt., Inc. v. Johnson*, 891 S.W.2d 640 (Tex.1995). Since the evidence established that the statements made by Johnson were true, summary judgment in favor of the City of Katy was proper.

The judgment of the trial court is AFFIRMED.