United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41318

_____

VAUGHN STEPHEN AYRES, JR.

Plaintiff - Appellee

v.

CITY OF BEAUMONT; MICHAEL B. BERTRAND

Defendants - Appellants

_____

Appeal from the United States District Court
For the Eastern District of Texas
(1:00-CV-560)

_____

Before DAVIS, JONES and BENAVIDES, Circuit Judges

PER CURIAM:[*]

There was no legally sufficient evidentiary basis for a reasonable jury to have found in favor of Vaughn Stephen Ayres, Jr. ("Ayres")on any of his claims. Therefore, we reverse the district court's judgment in favor of Ayres and render judgment in favor of the City of Beaumont ("City") and Michael Bertrand ("Bertrand").

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ayres failed to make out a 42 U.S.C. § 1983 claim against Bertrand and the City for violating his constitutional right to a name-clearing hearing following his suspension from the Beaumont Fire Department. To make out a claim for denial of a name-clearing hearing under § 1983, an employee must prove:

> that he was discharged, that defamatory charges were made against him in connection with the discharge, that the charges were false, that no meaningful public hearing was conducted pre-discharge, that the charges were made public, that he requested a hearing in which to clear his name, and that request was denied.

Rosenstein v. City of Dallas, 876 F.2d 392, 395-96 (5th Cir. 1989) (internal citations omitted. Ayres was not discharged from his position with the Fire Department; therefore, there was no legally sufficient evidentiary basis for a reasonable jury to have found in favor of Ayres on this claim.

"A city performing a governmental function is immune from suit on the torts of its officers, agent and employees" except as waived by the Texas Tort Claims Act. Dallas v. Moreau, 718 S.W.2d 776 (Tex. App. - Corpus Christi 1986, writ ref'd). Ayres sued Bertrand for defamation in his official capacity, so both Bertrand and the City enjoy immunity. Brandon V. Hall, 469 U.S. 464 (1985) (A suit against an individual in his official capacity is a suit against the city.).

Ayres had no cause of action for breach of the Collective Bargaining Agreement. Ayres claimed breach of contract, but did

not follow the union's grievance procedures.  An employee may be allowed to sue an employer directly for breach of contract, but only in cases where "the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." <u>Vaca v. Sipes</u>, 386 U.S. 171, 186 (1967).  Ayres did not prove that the union breached its duty of fair representation with regard to his contract claims, so he is foreclosed from suing Bertrand and the City.

REVERSED and RENDERED.