Lori TEMPLE, Appellant,

v.

CITY OF HOUSTON, Appellee.

No. 01–03–01251–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 12, 2006.

Jeffery A. Addicks, Ruth E. Piller, Hays, McConn, Rice & Pickering, Houston, TX, for Appellant.

Anthony W. Hall, Jr., City Attorney, Judith N. Benton, Assistant City Attorney, Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Lori Temple, brings this interlocutory appeal from the trial court's grant of the appellee, City of Houston's, plea to the jurisdiction. In one issue on appeal, Temple argues that the trial court erred in granting the City's plea. We reverse and remand.

### Background

Temple's late husband was a police officer employed by the City. Her husband participated in the City's life insurance plan and named Temple as his beneficiary. The plan provided minimum coverage in the amount of $15,000. The plan also allowed Temple's husband to elect coverage of two, three, or four times the employee's annual base salary, in exchange for higher premiums.

Before he died, Temple's husband elected insurance coverage of three times his salary. Temple believed that she and her husband had complied with the requirements to obtain greater benefits and that

the City was deducting higher premiums from her husband's paycheck.

After her husband's death, the City refused to honor Temple's husband's election of greater benefits. Temple filed a $148,000 breach-of-contract suit against the City, and the City responded by filing a plea to the jurisdiction. Following a hearing, the trial court granted the City's plea and dismissed Temple's suit for want of jurisdiction. Temple appeals from this order.

## Standard of Review

■■■ Subject-matter jurisdiction is essential for a court to have the authority to resolve a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex. 1993). The plaintiff has the burden to plead facts affirmatively showing that the trial court has subject-matter jurisdiction. *Id.* at 446. A party may challenge a court's subject-matter jurisdiction by filing a plea to the jurisdiction. *See Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638–39 (Tex.1999). We review the trial court's ruling on such a plea de novo, as a question of law. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). In conducting this de novo review, we do not examine the merits of the plaintiff's case, but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002). We construe the pleadings liberally in favor of conferring jurisdiction. *Tex. Dept. of Transp. v. Ramirez,* 74 S.W.3d 864, 867 (Tex.2002).

## Sovereign Immunity[1]

■■■ Sovereign immunity protects the State, its agencies and officials, and political subdivisions of the State from suit arising from their performance of their governmental functions, unless immunity from suit has been waived. *Fed. Sign v. Tex. Southern Univ.,* 951 S.W.2d 401, 405 (Tex. 1997); *San Antonio Indep. Sch. Dist. v. McKinney,* 936 S.W.2d 279, 283 (Tex. 1996). A city is a political subdivision of the State. TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(B) (Vernon 2005); *McKinney,* 936 S.W.2d at 283.

■■■ The sovereign immunity of the State inures to the benefit of a municipality insofar as the municipality engages in the exercise of governmental functions, except when that immunity has been waived. *City of Tyler v. Likes,* 962 S.W.2d 489, 501 (Tex.1997). Governmental functions are "'public acts which the municipality performs as the agent of the State in furtherance of general law for the interest of the public at large.'" *Truong v. City of Houston,* 99 S.W.3d 204, 209 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (quoting *Bailey v. City of Austin,* 972 S.W.2d 180, 192 (Tex. App.-Austin 1998, pet. denied)); TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a) (Vernon 2005) (stating that governmental functions "are those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public"). "[I]it is the Legislature's sole province to waive or abrogate sovereign immunity." *Tex. Nat. Resource Conservation Comm. v. IT–Davy,* 74 S.W.3d 849, 853 (Tex.2002) (quoting *Fed. Sign,* 951 S.W.2d at 409). A

[1]. The terms sovereign immunity and governmental immunity are often used synonymously and interchangeably without distinction. However, the supreme court has noted that sovereign immunity refers to the State's immunity from suit and liability and protects the State and its divisions, while governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003).

political subdivision's immunity from suit arising from the performance of a governmental function can be waived only by legislative consent or constitutional amendment. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex.2003); *Fed. Sign*, 951 S.W.2d at 405. Such a waiver must be expressed "by clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005); *Fed. Sign*, 951 S.W.2d at 405 (quoting *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994)).

Conversely, a municipality has no "sovereign immunity" when it engages in the exercise of proprietary functions. *Id.* "A proprietary function is one a city performs, in its discretion, primarily for the benefit of those within the corporate limits of the city, rather than for the use by the general public." *Truong*, 99 S.W.3d at 209; TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(b) (Vernon 2005) (stating that proprietary functions "are those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality").[2]

### Proprietary or Governmental Function

In our order dated September 19, 2005, we asked the parties to provide supplemental briefing regarding whether the City of Houston was performing a governmental or proprietary function and the effect on the City's governmental immunity.[3] Both parties filed supplemental briefs. The City argues that the operation of a police department is a governmental function and that an essential part of operating the police department is paying the officers, including payroll deductions.[4] Therefore, by deducting appellant's insurance premiums from his salary, the City was performing a governmental function.

To support its argument that providing insurance benefits to City police officers is a governmental function, the City cites generally to three cases. *See City of LaPorte v. Barfield*, 898 S.W.2d 288 (Tex. 1995); *City of Cockrell v. Johnson*, 48 S.W.3d 887 (Tex.App.-Fort Worth 2001, pet. denied); *City of Dallas v. Moreau*, 718 S.W.2d 776 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.). In *Barfield*, the Supreme Court of Texas noted that the parties conceded that the hiring and firing of city employees was a governmental function. 898 S.W.2d at 291. In *City of Cockrell*, the court of appeals stated that the operation of a police department and the hiring and firing of city employees were governmental functions. 48 S.W.3d

2. Section 101.0215 provides a list of proprietary functions, including but not limited to:
   (1) the operation and maintenance of a public utility;
   (2) amusements owned and operated by the municipality; and
   (3) any activity that is abnormally dangerous or ultrahazardous.
   TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(b)(1)-(3) (Vernon 2005).

3. A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe. TEX. R.APP. P. 38.7. Although the parties did not raise the issue of whether the City was performing a governmental or proprietary function with the trial court, we address the issue because it involves a potential error of jurisdiction. *See Supak v. Zboril*, 56 S.W.3d 785, 792 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Because jurisdiction is considered fundamental, raising the issue does not require compliance with the usual requirements of preservation of the error or briefing of the point and argument. *Nuchia v. Woodruff*, 956 S.W.2d 612, 616 (Tex.App.-Houston [14th Dist.] 1997, pet. denied).

4. We acknowledge that providing police protection is a governmental function. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215(a)(1) (Vernon 2005). We observe, however, that although police protection is a governmental function, the act of providing insurance benefits to city police officers is a distinct and separate act from providing police protection.

at 898. In *City of Dallas,* the court likewise held that the hiring and firing of city employees was a governmental function, stating that "activities performed as part of the police power of a municipal corporation in providing for the health, safety, and general welfare of the citizens fall clearly within the governmental functions of a city." 718 S.W.2d 776, 779 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.). We fail to see how these cases resolve whether the City's decision to provide insurance benefits is a governmental or proprietary act.

In her supplemental brief, Temple relies on two cases for the proposition that a municipality's act of providing insurance benefits to its employees, pursuant to a contract between the municipality and a private insurance company, is a proprietary function. *See Gates v. City of Dallas,* 704 S.W.2d 737, 739 (Tex.1986); *Bailey v. City of Austin,* 972 S.W.2d 180, 193 (Tex. App.-Austin 1998, writ denied). We agree with Temple that *Gates* and *Bailey* answer the issue before us.

In *Gates,* the Supreme Court of Texas discussed the differences between governmental and proprietary functions. 704 S.W.2d at 738–739. The supreme court stated, "Unlike governmental functions, for which municipal corporations have traditionally been afforded some degree of governmental immunity, proprietary functions have subjected municipal corporations to the same duties and liabilities as those incurred by private persons and corporations." *Id.* at 739. The court also held that "Contracts made by municipal corporations in their proprietary capacity have been held to be governed by the same rules as contracts between individuals." *Id.* The court concluded that, "When the

City of Dallas entered into the insurance contract with Gates, it acted in its proprietary role and was clothed with the same authority and subject to the same liabilities as a private citizen." *Id.* (internal quotations omitted).

In *Bailey v. City of Austin,* the court of appeals analyzed whether the City of Austin's act of providing a health plan to its employees constituted a governmental or proprietary function. 972 S.W.2d at 192–93. The court noted that the city had three plans available: a self-insured plan and two HMO plans administered by private insurers. The city managed and administered its own plan, oversaw the HMO plans, and deducted premiums from its employees' paychecks for all three plans. The court held that "the City's function of offering, administering, and overseeing health care plans for its own employees are proprietary functions. Such activities are not integral to its function as an arm of the state." *Id.* at 193. The City neither distinguishes *Gates* or *Bailey,* nor contends that the City provided insurance benefits for the benefit of the general public.

"The key difference between a proprietary and governmental function is that the city functions in its governmental capacity when it performs functions mandated by the state." *Truong,* 99 S.W.3d at 209–10. The City does not refer us to any state mandatory requirement that the City must provide insurance benefits to its police officers—such as a statute that requires the city to provide the benefits at issue and that specifies the types of benefits to be provided—and we are aware of none.[5] The City attempts to satisfy this require-

---

**5.** *Cf. Williams v. Houston Firemen's Relief and Retirement Fund,* 121 S.W.3d 415, 429 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (contrasting express statutory obligation in Tex. Rev.Civ. Stat. Ann. art. 6243e.2(1) of cities with more than 1.6 million inhabitants to provide statutory pension benefits to firefighters with self-insured municipality's decision to provide health insurance benefits to municipal employees).

ment by stating that its act of making payroll deductions is a State requirement and thus a governmental act. The city cites no authority for this proposition. We disagree with the City's recharacterization of Temple's suit. Here, the basis of Temple's suit is the State's failure to pay insurance benefits after her husband died. Accordingly, we construe the City's act as one of providing insurance benefits.

■ Providing insurance benefits to City police officers does not involve an act provided by the municipality as the agent of the State in furtherance of general law for the interest of the public at large. *See Gates,* 704 S.W.2d at 738. We hold that when a City provides to its employees insurance benefits that are not required by statute, the City is performing a proprietary function—an act performed by a city, in its discretion, primarily for the benefit of those within the corporate limits of the municipality rather than for use by the general public. *See City of Gladewater v. Pike,* 727 S.W.2d 514, 519 (Tex.1987) ("A proprietary function is one intended primarily for the advantage and benefit of persons within the corporate limits of the municipality rather than for use by the general public."). Because the City was performing a proprietary function in providing insurance for its employees, the City does not have sovereign immunity. Rather, it is "clothed with the same authority and subject to the same liability as a private citizen." *Gates,* 704 S.W.2d at 739. Accordingly, the trial court abused its discretion when it granted the City's plea to the jurisdiction.

We sustain Temple's first issue.

## Conclusion

We reverse the order of the trial court dismissing Temple's claims against the City and remand the cause to the trial court.