Richard C. LOPEZ, Plaintiff,

v.

CITY OF DALLAS, et al., Defendants.

and

CITY OF DALLAS, Third
Party Plaintiff,

v.

W. Tom RAY, et al., Third
Party Defendants.

No. Civ. A.–3–87–2165T.

United States District Court,
N.D. Texas,
Dallas Division.

April 6, 1988.

Balon Bradley, Dallas, Tex., for plaintiff.

Craig Hopkins, Asst. City Atty., Dallas, Tex., for defendants and third-party plaintiff.

Mary Ann Moore, Marvin Collins, Asst. U.S. Atty., Dallas, Tex., for third-party defendants.

## ORDER REGARDING PENDING MOTIONS

MALONEY, District Judge.

On November 5, 1987 Defendants filed their Motion for Summary Judgment. Plaintiff filed his response and Motion for Summary Judgment on November 25, 1987. Defendants filed their response to Plaintiff's Motion for Summary Judgment on December 4, 1987.

On March 1, 1988 Defendants filed their Motion for Dismissal of the case for Plaintiff's failure to comply with this Court's

order of February 1, 1988 directing the parties to confer for the purposes of submitting a joint status report. On March 18, 1988 Plaintiff's counsel submitted a status report to the Court, stating that its late filing was due to Plaintiff's not having received a copy of the Court's status report order until Plaintiff received Defendants' motion to dismiss for failing to comply with the status report order. The Court is of the opinion that dismissal of this case for noncompliance with the Court's status report order is not warranted. Defendants' motion to dismiss will therefore be denied.

The Court, having considered the parties' motions for summary judgment, is of the opinion that Defendants' Motion for Summary Judgment should be granted, and Plaintiff's Motion for Summary Judgment should be denied.

Defendants and Third Party Plaintiffs City of Dallas, et al. urge the Court to grant summary judgment on the following grounds: (1) City of Dallas is entitled to immunity in this case; (2) The individual defendants are entitled to immunity under state and federal law; (3) Army and United States Bureau of Alcohol, Tobacco and Firearms ("BATF") personnel were not "borrowed servants;" (4) Defendants are not liable for damages caused by third party defendants; (5) Destruction of ether without compensation was justified; and, (6) The theory of implied bailment is not applicable to this case.

### Factual Background

Plaintiff was arrested on or about April 24, 1984 for possession of prohibited weapons and on suspicion of other crimes or violations. Plaintiff pled guilty to sale of prohibited weapons (hand grenades) and was sentenced to seven years probation.[1]

On or about April 27, 1984, pursuant to a search warrant issued to the Dallas Police Department ("DPD"), members of the DPD, BATF, and the United States Army ("Army") seized weapons, munitions, and military paraphernalia from Plaintiff's premises at 4918 Mission Avenue, Dallas, Texas.[2] At the time this property was seized, a quantity of ether was also seized, removed from the premises, and subsequently destroyed by Defendants.[3]

All other items seized under the search warrant and named in Plaintiff's First Amended Original Petition were removed by persons employed by the BATF and the Army.[4]

The actions of the BATF and the Army personnel (named as third party defendants) were not controlled by any Defendant named in this lawsuit.[5]

Plaintiff filed suit against the City of Dallas and the DPD claiming that responsibility lies with these defendants for loss or damage to his property. Defendants City of Dallas, et al. filed a third party action against BATF and Army personnel involved in the search and seizure of Plaintiff's premises. On September 4, 1987 Third Party Defendants filed their petition for removal to have the entire case removed from the 44th District Court of Dallas County, Texas.

### City of Dallas' Entitlement to Immunity

█ Plaintiff urges the Court to deny Defendants' motion regarding immunity. Plaintiff asserts that governmental immunity does not apply in this case because Defendants were carrying out a proprie-

1. Defendants' Motion for Summary Judgment, at 3; Affidavit of Kelly Loving, attached to Plaintiff's Motion for Summary Judgment, at 1–2; *State v. Lopez,* Cause Nos. F–85–98051–S and F–85–98050–S.

2. Plaintiff's First Amended Original Petition, at 2–3.

3. Affidavit of Ronald W. McCracken, attached as Exhibit 1 to Defendants' Motion for Summary Judgment, at 1–2.

4. Admissions of Third Party Defendants, attached as Exhibit 3 to Defendants' Motion for Summary Judgment.

5. Admissions of Third Party Defendants, attached as Exhibit 3 to Defendants' Motion for Summary Judgment; Affidavits of Billy Prince, W.R. Patterson, and Ronald W. McCracken.

tary function, rather than a governmental one. Defendants urge the Court to consider that arresting Plaintiff and seizing and disposing of explosives under a search warrant are inherently governmental functions, and therefore governmental immunity shields Defendants from liability.

The Court is of the opinion that police officers, exercising their authority under a search warrant, are performing a governmental function.[6] It is well established that municipalities are immune from tort liability in carrying out governmental functions.[7]

Plaintiff contends that Defendants are liable for the taking of his property under the Texas Tort Claims Act.[8] Plaintiff contends that Defendants' conduct fits under the "motor vehicle" exception of the Tort Claims Act, which waives immunity in situations involving negligent operation of a motor vehicle. Plaintiff's position is that since his property was transported by BATF and Army personnel via motor vehicles to Fort Hood, the motor vehicle exception applies. The record reflects that

the property transported to Fort Hood was not damaged. The record further reflects that Plaintiff's property was returned to him through his attorney, who signed a receipt for such property.[9] The Court finds that Plaintiff has not pled and cannot prove any negligent operation of the vehicles which transported Plaintiff's property, and therefore liability of the City cannot be found under the Texas Tort Claims Act.[10]

### Individual Defendants' Entitlement to Immunity under State and Federal Law

■ The individual defendants named in this suit were, at all times relevant to the action, employees of the DPD acting within the scope of their employment.[11] The Court concludes that these individually named Defendants are entitled to immunity under the Texas Tort Claims Act, as well as under federal law. These Defendants, within the scope of their employment, were performing a governmental function.[12]

6. *City of Dallas v. Moreau,* 718 S.W.2d 776 (Tex. Civ.App.—Corpus Christi 1986, writ ref'd. n.r.e.). *Moreau* held:
   Activities performed as part of the police power of a municipal corporation in providing for the health, safety, and general welfare of the citizens fall clearly within the governmental functions of the city.
   At 779.
   *Gates v. City of Dallas,* 704 S.W.2d 737 (Tex. 1986). *Gates* defined governmental functions by stating:
   The governmental functions of a municipal corporation have been defined as those acts which are public in nature and performed by the municipality "as the agent of the State in furtherance of general law for the interest of the public at large." *City of Crystal City v. Crystal City Country Club,* 486 S.W.2d 887 (Tex.Civ.App.—Beaumont 1972, writ ref'd. n.r.e.).

7. *City of Dallas v. Moreau,* 718 S.W.2d 776 (Tex. Civ.App.—Corpus Christi 1986, writ ref'd. n.r.e.).

8. Texas Civil Practice and Remedies Code § 101.021. This section provides:
   A governmental unit in the state is liable for:
   (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if:
   (A) the property damage, personal injury, or death arises from the operation or use of a

motor-driven vehicle or motor-driven equipment; and
   (B) the employee would be personally liable to the claimant according to Texas law; and
   (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

9. Defendants' Motion for Summary Judgment, Exhibit 2, Certification of Official Records, October 20, 1987.

10. *Jackson v. City of Corpus Christi,* 484 S.W.2d 806 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd. n.r.e.).

11. Plaintiff's First Amended Original Petition, at 2.

12. *Austin v. Hale,* 711 S.W.2d 64 (Tex.Civ.App.—Waco 1986, no writ). The *Austin* court held:
   Under the doctrine of official immunity, a state employee whose status or actions may be classified as quasi-judicial " 'enjoys immunity from being personally liable as long as he acts in good faith within the scope of his authority.' " *Augustine By Augustine v. Nusom,* 671 S.W.2d 112 (Tex.Civ.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). When a state employee gathers facts and then acts, such actions are quasi-judicial in nature.
   At 66.

The Court finds that Defendants in this case were faced with the handling of dangerous chemicals and explosives. Decisions had to be made concerning the safe removal and storage of these items. The Court concludes that these Defendants acted reasonably under the circumstances, and did not engage in negligent conduct which would establish liability under the Texas Tort Claims Act.

Plaintiff also alleges that Defendants, in violating his rights, should be held liable under 42 U.S.C. § 1983.[13]

Plaintiff has not pled or attempted to prove that there is a policy or custom adhered to by Defendants which led to a violation of his rights.[14] The record reflects that all property returnable to Plaintiff was returned. Only the ether was destroyed. The manner in which the property was inventoried was done according to statute and pursuant to a state court order.[15]

The Court finds that even if the incidents in this case involve a violation of Plaintiff's constitutional rights, there has been no showing that these actions were taken pursuant to an existing, unconstitutional municipal policy.[16] The Court therefore concludes that Plaintiff has not overcome Defendants' entitlement to immunity, and summary judgment on this issue is appropriate.

### Army and BATF Personnel were not "Borrowed Servants"

Plaintiff contends that Army and BATF personnel were borrowed servants, acting under the control and direction of the City of Dallas and the DPD, which would therefore establish liability against the City for the federal officers' actions.

The record reflects that the search warrant under which the property was seized was issued in Dallas County to the DPD. When the officers appeared at 4918 Mission, they found a large amount of munitions labeled "U.S. Army." DPD officers then made the decision to call the Army and BATF for assistance.[17]

The record further reflects that Army and BATF personnel admit that their actions in removing Plaintiff's property were not directed or controlled by the City of Dallas, nor any of the named individual defendants.[18] Third Party Defendants in this case acted under their own rules, and were controlled by their respective departments during all phases of the investigation, seizure, and disposition of the property.[19]

The Court is of the opinion that in order to establish liability in the City for the actions of Army and BATF personnel, Plaintiff must show that these third party defendants were in fact viewed as "servants" in the situation made the subject of this dispute. That is, the third party defendants would have to be recognized by the City through such actions as the City's providing tools or compensation for the services performed.[20] The record reflects that no such relationship existed. These third party defendants were called in for assistance because of their expertise in matters

---

**13.** Plaintiff's First Amended Original Petition, at 4.

**14.** *Monell v. Dept. of Social Services of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

**15.** Plaintiff's First Amended Original Petition, at 4; Defendants' Motion for Summary Judgment, Exhibit 6.

**16.** *Oklahoma City v. Tuttle,* 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985).

**17.** Plaintiff's First Amended Original Petition, at 3.

**18.** Answers to City of Dallas' Request for Admissions, at 2.

**19.** Affidavits of Ronald W. McCracken and W.R. Patterson.

**20.** *In Re Dearborn Marine Service, Inc.,* 499 F.2d 263 (1974).
   The Court held that factors which are useful in determining the nature of the employment relationship are the "extent of the temporary employer's control over the details of work, his furnishing of the necessary tools, his right to discharge the employees, and his obligations for payment." At 285.

regarding dangerous munitions and chemicals. The Court concludes that the cooperation of state and federal officers under the circumstances of this case cannot be used as a basis to characterize the federal officers as borrowed servants for which the City of Dallas is liable.[21] The Court therefore finds that summary judgment in favor of Defendants on this issue is appropriate.

### Defendants Not Liable for Damages of Third Party Defendants

Plaintiff alleges that Defendants violated Texas Code of Criminal Procedure, Art. 18.19. This section provides for the disposition of certain weapons.

The record reflects that a detailed inventory of the property seized was prepared and provided pursuant to a court order issued by Judge Kelly Loving of the 282nd Judicial District Court of Dallas County.

The record further reflects that with the exception of two five gallon cans of ether, all other items seized from Plaintiff's premises were seized by Army and BATF personnel.[22] Since this Court has concluded that the third party defendants were not borrowed servants, the City of Dallas cannot be held liable for alleged damages to the property seized by the third party defendants.[23]

### Destruction of Ether Without Compensation

■ The record reflects that of all the items seized from Plaintiff's premises, only two were not returned to Plaintiff. These items were two five gallon cans of ether. These items, after being seized by DPD officers, were taken to the DPD pistol range and destroyed.[24]

Ether is described as a flammable liquid with vapor capable of forming a flammable mixture with air over a wide range; the vapor is heavier than air and may travel a considerable distance to a source of ignition and flash back.[25]

The record reflects that Plaintiff kept one can of ether in the house among the explosives, ammunition and other weapons, and one can in the garage. The cans of ether were not stored in an approved storage cabinet, nor were they kept at a safe distance from sources of ignition under the regulations of the Dallas City Code. Under the Dallas City Code, Section 16 Article I, all necessary action appropriate to safeguarding lives and property against fire hazards may be taken. Members of the DPD determined that the extreme flammability and instability of ether rendered it unsafe for storage. Therefore, DPD officers seized the ether and had it destroyed.[26]

The Court is of the opinion that the destruction of the ether in this case does not rise to a level of a taking which must be compensated, but rather falls within the immunity afforded Defendants in the exercise of their governmental functions. The Court therefore finds that Defendants are not liable for compensation for the taking of the ether from Plaintiff.

### Theory of Implied Bailment

■ Plaintiff asserts that the seizure of the weapons and explosives from his premises created an implied bailment relationship with law enforcement personnel. The Court is of the opinion that Plaintiff's assertion of implied bailment must fail because DPD officials did not seize the items complained of; these items were seized by BATF and Army personnel. Plaintiff's assertion must also fail because a key element to establishing an implied bailment is

**21.** *United States v. Echols,* 577 F.2d 308 (5th Cir.1978).

**22.** Plaintiff's First Amended Original Petition, Exhibit A, Answers to City of Dallas' Requests for Admissions, at 1–2.

**23.** *Pilgrim v. Fortune Drilling Co., Inc.,* 653 F.2d 982 (5th Cir.1981).

**24.** Plaintiff's First Amended Original Petition, Exhibit A; Defendants' Motion for Summary Judgment, Exhibit 6.

**25.** National Fire Protection Association, *Fire Protection Guide on Hazardous Materials,* 4th Edition.

**26.** Affidavit of Ronald W. McCracken.

possession of the item(s) taken. DPD did not have possession of any of the items seized other than the ether, which was later destroyed. Thus, no bailment with the City of Dallas can be implied.

The Court further finds that Plaintiff's assertion of implied bailment must fail because no contract was formed between Plaintiff and the law enforcement officers. There was no offer by Plaintiff of the property taken with the understanding that it would be returned.[27] The Court therefore concludes that summary judgment in favor of Defendants on this issue is proper since the necessary elements for implied bailment do not exist.

### Dismissal of Third Party Defendants

This case is in this Court due to the Third Party Defendants' filing a petition for removal from state court. The Third Party Defendants are parties to this suit joined by the City of Dallas on allegations that should the City be found liable to Plaintiff, the City is entitled to contribution and indemnity from the Third Party Defendants.

As the Court has found no liability on the part of the City and individual defendants, there can be no liability for contribution and indemnification as to the Third Party Defendant federal officers.

The record reflects that Plaintiff did not file a claim against the BATF and Army personnel responsible for the removing of property from Plaintiff's premises. Plaintiff did not join these persons in his lawsuit. The Court finds that any claims Plaintiff may have against Third Party Defendants are barred by the statute of limitations under 28 U.S.C. § 2401.[28] This Court is therefore without jurisdiction to hear Plaintiff's claims, if any, against the BATF and Army personnel involved in the seizure of Plaintiff's property. Plaintiff's claims against Third Party Defendants are also barred under 28 U.S.C. § 2674.[29]

It is therefore ORDERED that:

1. Defendants' Motion for Dismissal for noncompliance with the Court's status report order is denied;

2. Defendants' Motion for Summary Judgment is granted and Plaintiff's complaint is dismissed; and,

3. Plaintiff's Motion for Summary Judgment is denied.

It is so ORDERED.

### JUDGMENT

This action came on for consideration on cross motions for summary judgment before the Court, Honorable Robert B. Maloney, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered,

It is ORDERED and ADJUDGED that Defendants' Motion for Summary Judgment is granted, and Plaintiff Richard C. Lopez take nothing of Defendants City of Dallas, et al.

It is further ORDERED and ADJUDGED that the City of Dallas' third party action against Third Party Defendants W. Tom Ray, Dan Curtis, William D. Dwight, Steven B. Spies, Cecil Stan Spitler, John G. Webb, and Les Noble is dismissed.

---

27. *Berlow v. Sheraton Dallas Corporation,* 629 S.W.2d 818 (Tex.Civ.App.—Dallas 1982, writ ref'd n.r.e.).

28. Plaintiff's alleged injuries to his property occurred on or about April 24, 1984. 28 U.S.C. § 2401(b) provides for a two year statute of limitations within which a claim must be presented to the appropriate federal agency, or unless an action is begun within six months after notice of final denial of the claim by the appropriate federal agency.

29. 28 U.S.C. § 2674 provides that when suit is contemplated against the United States for a tort of an employee, such suit may not be instituted until the claim for relief is first presented to the proper federal agency and disposed of by that agency.