NUMBER
13-00-759-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

                                                                                                                     


 

SCOTT
MARK LAIR,                                                           Appellant,

 

                                                   v.

 

ROBERT L. HORN, ET AL.,                                           Appellees.

                                                                                                                                      


         On appeal from the
36th District Court of Bee County, Texas.

                                                                                                                     


 

                          MEMORANDUM OPINION

 

                    Before Justices Dorsey, Yañez, and Rodriguez

                                   Opinion by
Justice Yañez

 

 

 

 








Appellant, Scott Mark
Lair, a federal prisoner proceeding pro se, appeals an order granting
summary judgment in favor of three officers employed by the Bee County Sheriff=s Department, Robert L.
Horn, Ronnie Olivarez, Dan Caddell, and A[unnamed] others.@ Appellant sued appellees, alleging breach of a bailment contract arising
out of the officers= seizure of his property, including certain
firearms and ammunition.  The property
was seized in connection with appellant=s arrest for domestic
family violence and subsequent conviction for federal firearms violations.

As this is a memorandum
opinion not designated for publication and the parties are familiar with the
facts, we will not recite them here.  See
Tex. R. App. P. 47.1. 

In his first issue,
appellant contends: (1) the officers lacked authority under the state
constitution to remove the property from his home; and (2) the State failed to
provide him adequate notice of forfeiture proceedings.  In his second issue, appellant contends the trial
court erred in granting summary judgment prior to the completion of
discovery.  We affirm. 

Standard of Review








In a traditional summary
judgment proceeding, the standard of review on appeal is whether the successful
movant at the trial level carried the burden of
showing that there is no genuine issue of material fact and that judgment
should be granted as a matter of law.  M. D. Anderson v. Willrich, 28
S.W.3d 22, 23 (Tex. 2000); Am. Tobacco Co., Inc. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997); Nixon v. Mr. Prop. Mgmt.
Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985).  This burden may be satisfied by conclusively
establishing all elements of an affirmative defense.  See Wornick Co.
v. Casas, 856 S.W.2d 732, 733 (Tex. 1993); City
of Pharr v. Ruiz, 944 S.W.2d 709, 712 (Tex. App.BCorpus Christi 1997, no
writ).  In resolving the issue of whether
the movant has carried this burden, all evidence
favorable to the non-movant must be taken as true and
all reasonable inferences, including any doubts, must be resolved in the non-movant's favor.  Willrich, 28 S.W.3d at 23-24; Nixon, 690
S.W.2d at 548-49; Noriega v. Mireles, 925
S.W.2d 261, 266 (Tex. App.BCorpus Christi 1996,
writ denied).  When the defendant is the movant and
submits summary judgment evidence disproving at least one essential element of
each of the plaintiff's causes of action, then summary judgment should be
granted.  Grinnell,
951 S.W.2d at 425; Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997).

  If a summary judgment is granted
generally, without specifying the reason, it will be upheld if any ground in
the motion for summary judgment can be sustained.  Bradley v. State ex rel.
White, 990 S.W.2d 245, 247 (Tex. 1999) (citing Star-Telegram, Inc. v.
Doe, 915 S.W.2d 471, 473 (Tex. 1995)); Weakly v. East, 900 S.W.2d
755, 758 (Tex. App.BCorpus Christi 1995, writ denied).  

Appellees argue, in
their motion for summary judgment and on appeal, that they are entitled to
summary judgment on the following grounds: (1) they are entitled to official
immunity because in removing the property in question, they acted within the scope of
their authority as law officers and in good faith performance of their
discretionary duties; and (2) appellant failed to establish any of the elements
of a bailment cause of action.  Appellees= summary judgment
evidence includes the business records affidavit of Robert Horn, the Bee County
Sheriff, and records from his office, including, inter alia,
the incident report of appellant=s arrest, a federal
search warrant to search appellant=s home, documents concerning
the transfer of appellant=s property between the
sheriff=s office and federal
agents of the United States Bureau of Alcohol, Tobacco and Firearms (BATF), and
documents relating to appellant=s subsequent conviction
and incarceration for federal firearms violations.  








                                              Bailment

In his first amended
petition, appellant asserts that the officers= seizure of his property Acreated a bailment
relationship@ and that the officers
owed him Aa contractual duty to
properly safekeep his property until it was returned
to him or otherwise lawfully  disposed
of.@  

Under common law, a
bailment exists where: (1) the delivery of personal property by one person to
another is made in trust for a specific purpose; (2) acceptance of delivery is
made; (3) an express or implied contract that the trust will be carried out;
and (4) an understanding exists under the terms of the contract that the
property will be returned to the transferor or dealt with as the transferor
directs.  Int=l Freight Forwarding,
Inc. v. Am. Flange, 993 S.W.2d 262, 267 (Tex. App.BSan Antonio 1999, no
pet.) (citing Soto v. Sea-Road Intern, Inc.,
942 S.W.2d 67, 72 (Tex. App.BCorpus Christi 1997,
writ denied)).  A bailment contract may
arise by implication if there is an implied bailor-bailee
relationship.  See Soto, 942 S.W.2d at 72.  The
failure to return bailment property at the end of the bailment period
constitutes, in law, a conversion of the bailment entitling the bailor to recover its value.  Id.  

Appellees contend they are
entitled to summary judgment on grounds that appellant failed to establish any
of the essential elements of a bailment. 
In support, appellees cite Lopez v. City of
Dallas, 696 F. Supp. 240, 246 (N. D. Tex. 1988).  In Lopez, a plaintiff convicted of the
sale of prohibited weapons argued that the seizure of weapons and explosives
from his premises created an implied bailment relationship with law enforcement
personnel.  Id. at
245.  The Lopez court
disagreed, finding that:








Plaintiff=s assertion of implied
bailment must fail because no contract was formed between Plaintiff and the law
enforcement officers.  There was no offer
by Plaintiff of the property taken with the understanding that it would be
returned.  The Court concludes that
summary judgment in favor of Defendants on this issue is proper since the
necessary elements for implied bailment do not exist.  

 

Id. at 246 (citations omitted).  We agree
with the reasoning of the Lopez court. 
Here, as in Lopez, appellant did not offer his property, but
rather, it was seized by appellees in the course of
performing their duties as law enforcement officers.[1]  We conclude that no contract, express or
implied, existed between appellant and appellees, and
accordingly, no implied bailment existed. 
See id.  We hold that
because appellant failed to establish an essential element of his bailment
claim, the trial court properly granted summary judgment.  We overrule appellant=s second issue.








In his first issue,
appellant: (1) raises a Astate constitutional
claim@ that appellees lacked authority to remove his property; and (2)
contends the State failed to provide him with constitutionally adequate notice
of forfeiture.  A party waives the right
to raise even constitutional issues on appeal if that claim is not presented to
the trial court.  In re A.D.E., 880
S.W.2d 241, 247 (Tex. App.BCorpus Christi 1994, no
writ); see also Tex. R. App. P.
33.1.  The record reflects that
appellant failed to assert 
these arguments to the trial court.  The issues are not raised in appellant=s pleadings.[2]  The failure to raise an issue in the trial
court waives the issue on appeal.  See
Tex. R. App. P. 33.1.  Accordingly, we hold appellant failed
to preserve these issues for review.  We
overrule appellant=s first issue. 

The judgment of the
trial court is AFFIRMED.    

  

 

                                                               
                                                      

LINDA REYNA YAÑEZ

Justice

 

 

 

 

Do not publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

25th day of April,
2002.

 











[1]Many of the seized items
were later turned over to agents of the United States Treasury Department,
Bureau of Alcohol, Tobacco and Firearms (BATF), for use in prosecuting
appellant for federal firearms violations. 
See 18 U.S.C.S. '' 922(g)(1),
924(e)(1) (2002) (prohibiting possession of a firearm by a felon and providing
for punishment).





[2]In his response to appellees= motion for summary
judgment, in a section entitled AObjection to Defendants [sic] Official Immunity
Defense,@ appellant argues that the
officers lacked the Aofficial capacity@ to remove his property
because the property was removed without a search warrant.  The summary judgment evidence includes appellees= affidavit with an attached
incident report of appellant=s arrest.  The incident report notes that numerous
firearms were seized from appellant=s home after the officers obtained consent from
appellant=s wife to search the
residence.  The following day, federal
BATF agents executed a federal search warrant on the residence and additional
firearms were seized.  Thus, even if appellant
had preserved his claim, we find that it is without merit.