STEWART v. WATTS et al.    (No. 7416.)

(Court of Civil Appeals of Texas.   Galveston. June 23, 1917.)

1. CONTINUANCE ⬅️23 — GROUNDS — ABSENT WITNESSES—MATERIALITY OF TESTIMONY.

In action on notes given by a husband and his partner for a release of the wife's dower, continuance was properly refused when asked to secure testimony of absent witnesses which would show that the partnership was dissolved prior to the giving of the notes; the defendants being liable regardless of whether the sale was to the partnership or to themselves individually.

2. DOWER ⬅️28—LIABILITY FOR DEBTS.

Where a husband and his partner bought the wife's dower interest, her action on notes for the purchase price could not be defeated by partnership debts.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Jimmie Lee Watts against W. C. Stewart and W. A. Jones. Judgment for plaintiff against both defendants, and for defendant Jones against Stewart, and Stewart appeals. Affirmed.

Cooper & Merrill, of Houston, for appellant. D. F. Rowe, of Houston, for appellee Watts. W. A. Rowe, of Houston, for appellee Jones.

PLEASANTS, C. J. This suit was brought by appellee against appellant, Stewart, and W. A. Jones, to recover upon four—

"promissory notes in the sum of $300 each, due 6, 12, 18, and 24 months, respectively, alleged to have been executed by W. A. Jones and the appellant, W. C. Stewart, the plaintiff alleging that she was the wife of W. A. Jones at the time the notes were executed, and that they were executed and delivered to her in settlement and in consideration of the conveyance of her interest in the community property of herself and Jones to the appellant, W. C. Stewart; that she had, subsequent to the execution of the notes, been divorced from W. A. Jones, and her maiden name of Jimmie Lee Watts restored to her;

that said notes were payable on their face at Corpus Christi, Nueces county, Tex., but that W. A. Jones was a resident of Harris county, Tex., and suit was brought in Harris county. The appellee, W. A. Jones, filed an answer, admitting the allegations contained in plaintiff's petition, and a cross-action over against the appellant, W. C. Stewart, claiming that before the execution of the notes it was understood and agreed between himself and Stewart that all of the community property of the said Jones and the appellee should be conveyed to the said Stewart, and that the said Stewart should pay the notes so executed and given to his wife, and that he was to be protected from the payment of said notes by the said Stewart."

In addition to a general demurrer and general denial the answer of appellant, Stewart, sets up the following defense:

"(a) That said notes at the time they were executed and given to the plaintiff bore no interest, and that they had been subsequently changed, without his consent, to bear interest from date.

· "(b) That prior to the execution of said notes, the appellant and W. A. Jones had been engaged in the real estate business as partners under the firm name of Stewart Realty Company, and that about the time of the execution of said notes they had had a dissolution of said partnership business, and appellant, in undertaking to make up the assets of said partnership, was induced to believe that the partnership assets were of the reasonable value of $6,000, and that the said Jones' interest therein would aggregate $3,000. That no definite and final ascertainment of its partnership business was had, it being agreed and understood that such final settlement should be had upon a more thorough and accurate investigation, but upon such partial dissolution and settlement appellant agreed to pay the said Jones $3,000. That the said Jones had charge of the office and of the business of the Stewart Realty Company, and was thoroughly familiar with the same, and that the appellant was absent from the business considerably, and was not thoroughly familiar with the same, and that after such settlement it was ascertained that there were numerous obligations of said partnership unpaid, which had not been taken into consideration in estimating the assets of said partnership, and that when such obligations were paid, the community estate of the said Jones in said partnership was not $3,000, but was much less, and prayed that if the consideration for the notes was, as alleged by plaintiff, a settlement of her community interest in the estate of herself and husband, W. A. Jones, that such consideration had totally failed, and that such community estate did not exceed the sum of $1,500, and that the total interest that she held and had in said estate could and would not exceed $750, and that she had been paid $300 in cash at the time the notes were executed.

"(c) Specially pleaded that said settlement between the defendant Stewart and Jones was not a complete and final settlement, but was only a partial settlement; it being distinctly agreed and understood between the parties that other debts and obligations against said partnership might exist which has not been taken into account in said settlement, and that if they were so found to exist, the interest of the said Jones and wife in such event would be bound by and charged with one-half of all such obligations, and then proceeded to set up and show that some $3,000 indebtedness against said partnership developed after such settlement, of which the said Jones' interest should have been charged with one-half, and the plaintiff's interest in said community estate reduced in like proportion, and that on account of these facts, the plaintiff was

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to be charged with one-fourth of said indebtedness as had been paid by the appellant on account of said partnership business, and that he was entitled to recover over against said Jones and wife one-half of all of such sums as he had been compelled to pay for said partnership, alleging the amounts to be in excess of $3,000.

"The appellee Jimmie Lee Watts filed a supplemental petition in reply to this answer, excepting to the same upon numerous grounds, and pleading a general denial to said answer, and entered a special denial as to the alteration of said notes, and specially pleaded that she had made no agreement to pay any of the debts of the community estate of herself and husband, and has not been advised that any such indebtedness existed, but that the community interest of herself and husband in the Stewart Realty Company was of the reasonable value of $5,000, and that she was entitled to recover $2,500, but that instead thereof she had only received $1,500, and that the appellant, Stewart, practiced this fraud and deceit upon her by representing the value of the same to be less than it was, and further specially answered, denying that there was any indebtedness of the partnership to P. J. Kunkill, and that the other items charged was the individual property of the said Stewart, and pleaded a special denial as to every allegation made by the appellant."

The trial in the court below without a jury resulted in a judgment in favor of plaintiff against both defendants for the principal, interest and attorney's fees due upon the notes and in favor of Jones against appellant for any amount that Jones might be compelled to pay on the judgment in favor of plaintiff.

The evidence shows that on January 8, 1914, appellee Jimmie Lee Watts, who was then the wife of appellee W. A. Jones, by a deed in which her husband joined, conveyed to appellant for a recited consideration of $1,500 certain property the title to which at the time of said conveyance was in W. A. Jones and the Stewart Realty Company, a firm composed of appellant and W. A. Jones. On January 1, 1914, Jones and wife had agreed to separate permanently, and Jones had agreed to settle with her for her one-half interest in their common property. Jones informed his partner of his agreement to settle with his wife, and requested him to see what settlement he could make with her. Stewart went to Mrs. Jones and offered to give her $1,500 for her interest in the community property of herself and husband, including her interest in the Stewart Realty Company. She accepted this offer, and the deed above mentioned was executed and delivered, and Stewart paid her $300 and executed and delivered to her the four notes sued on, which were also signed by W. A. Jones. When the notes were first delivered to Mr. Jones, they did not provide for the payment of interest. She did not know that they did not provide for the payment of interest. She made this discovery a short time after she had received the notes at appellant's office, and immediately returned to the office and told Jones she would not accept notes which did not bear interest. Jones took the notes to appellant, and with his consent inserted a promise for the payment of interest and redelivered them to Mrs. Jones. At the time this settlement was made Mrs. Jones did not know what property was owned by the Stewart Realty Company, and had no information as to the value of her interest in the community estate of herself and husband. She relied upon the statement of appellant that her interest was not worth more than $1,500. The value of the property owned by the firm at that time was from $8,000 to $10,000. About this time Jones sold his interest in the firm to Stewart for a consideration of $4,300. Jones testified that the firm was dissolved about February 1, 1914. Some time after these transactions, Jones and wife were legally divorced, and her maiden name of Jimmie Lee Watts was restored to her. The four notes given her by appellant and Jones have not been paid, nor any part thereof. By an amended petition filed on the day before the trial, the plaintiff alleged that the sale of her interest, while made to appellant by the terms of the deed, was, in fact, made to Stewart Realty Company.

[1, 2] The first assignment of error complains of the refusal of the court to grant appellant's motion for a continuance to enable appellant to obtain the testimony of several named witnesses by whom he could prove that the Stewart Realty Company was dissolved prior to the eighth day of January, 1914. There is no merit in the assignment. The testimony sought to be obtained from the absent witness did not affect any material issue in the case. It matters not whether Mrs. Jones sold her interest in the property to appellant individually or to him for the benefit of the firm; she sold it relying entirely upon appellant's representations as to its value. Appellant executed the notes given in part payment therefor, and is liable on said notes, regardless of whether the property was purchased for the firm or for himself. The evidence justified the conclusion that the amount appellant agreed to pay was less than the value of Mrs. Jones' interest after deducting all of the debts of the firm. But if the evidence was otherwise Mrs. Jones could not, in the absence of allegations and proof of fraud or mutual mistake, be held liable for any portion of said debts.

The second and third assignments assail the judgment on the ground that the evidence shows that the interest of Mrs. Jones in the community estate of herself and husband was not worth more than the sum of $750, and that the consideration of the notes had failed to the extent of $750, and judgment should not have been rendered for the full amount of the notes. Our statement of the facts before made shows that these assignments are wholly without merit.

Our finding of fact that the change in the rate as originally written, by which the payment of interest was inserted, was made with

the consent of appellant disposes of the only remaining assignment of error.

As we view the record, there is absolutely no merit in the appeal. The judgment of the court below is affirmed.

Affirmed.