ACCEPTED
13-15-00218-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
7/3/2015 4:10:40 PM
CECILE FOY GSANGER
CLERK

## NO. 13-15-00218-CV

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
7/6/2015 8:00:00 AM
CECILE FOY GSANGER
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI - EDINBURG

**CITY OF PORT ISABEL, TEXAS, MARIA DE JESUS GARZA, GUILLERMO TORRES AND JOE E. VEGA**
**Appellants,**

**VS.**

**JUAN JOSE "JJ" ZAMORA, SR., AND MARTIN C. CANTU**
**Appellees.**

From Cause Number 2015-DCL-02342
In the 444th Judicial District Court of Cameron County, Texas

## APPELLANT CITY OF PORT ISABEL'S BRIEF

Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com
ATTORNEYS FOR CITY OF
PORT ISABEL

i

## IDENTITY OF PARTIES AND COUNSEL

| **Appellants** | **Counsel for Appellants** |
|---|---|
| City of Port Isabel | Robert L. Collins |
| | Texas Bar No. 04618100 |
| | Audrey Guthrie |
| | Texas Bar No. 24083116 |
| | P.O. Box 7726 |
| | Houston, Texas 77270-7726 |
| | (713) 467-8884 |
| | (713) 467-8883 Facsimile |
| | houstonlaw2@aol.com |
| | |
| Maria de Jesus Garza | Michael R. Cowen |
| Joe Vega | Texas Bar No. 00795306 |
| | 62 E. Price Road |
| | Brownsville, TX 78521 |
| | (956) 541-4981 |
| | (956) 504-3674 Facsimile |
| | michael@cowenlaw.com |
| | |
| Guillermo Torres | Frank E. Perez |
| | Texas Bar No. 15776540 |
| | 300 Mexico Boulevard |
| | Brownsville, TX 78520 |
| | (956) 504-5403 |
| | (956) 504-5991 Facsimile |
| | fperez@feperezandassociates.com |
| | |
| **Appellees** | **Counsel for Appellees** |
| Juan Jose "JJ" Zamora | Gilbert Hinojosa |
| Martin C. Cantu | 622 East St. Charles St. |
| | Brownsville, Texas 78520 |
| | 956-544-4218 |
| | Fax: 956-544-1335 |
| | ghinojosa@ghinojosalaw.net |

# TABLE OF CONTENTS

Identity of Parties and Counsel ...............................................................................*ii*

Index of Authorities ...................................................................................... *v*

Statement of the Case.................................................................................. *vii*

Statement of Oral Argument........................................................................ *vii*

Issue Presented:........................................................................................... *vii*

> Whether this Court should reverse the Order of April 24, 2015 denying Appellants' Plea to the Jurisdiction and remand the case to the trial court to proceed on the limited issue of the constitutionality of the City Charter provision prohibiting City Commissioners (Appellees) from personally profiting from City contracts or business arrangements with the City.

Statement of Facts...................................................................................... 1

Summary of the Argument........................................................................... 2

Argument and Authorities............................................................................ 3

    A.    **There is no subject matter jurisdiction for all but one of Appellees' claims against the City of Port Isabel.**........................ 3

    B.    **Appellees have no standing to bring suit against the City of Port Isabel because, with a sole exception as to constitutionality of the City Charter, their claims are based on a governmental function with no applicable waiver of municipal sovereign immunity.**....................................... 3

Conclusion and Prayer ................................................................................ 7

Certificate of Service .................................................................................. 9

Certificate of Compliance ........................................................................... 10

Certification ............................................................................................... 11

# INDEX OF AUTHORITIES

**CASES**                                                                          **PAGE(S)**

*Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547 (Tex. 2000) ................................ 3

*City of Cameron v. Brown,* 80 S.W.3d 549 (Tex. 2002) ....................................... 4

*City of Cockrell Hill v. Johnson,* 48 S.W.3d 887 (Tex. App. Fort Worth
2001) ............................................................................................................... 6, 7

*City of LaPorte v Barfield,* 898 S.W.2d 288 (Tex. 1995) ...................................... 6

*City of San Antonio v. Polanco & Co., L.L.C.,* 2007 Tex. App. LEXIS 8634
 (Tex. App. San Antonio Oct. 31, 2007) ................................................................ 5

*Gates v Dallas,* 704 S.W.2d 737, 738-739 (Tex. 1986) ........................................ 5

*Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004) ................................ 2, 4

*State v. City of Galveston,* 175 S.W.3d 1, 5 (Tex. App. Houston 1st Dist.
2004) .................................................................................................................... 5

*Temple v. City of Houston,* 189 S.W.3d 816 (Tex. App. Houston 1st Dist.
2006) .................................................................................................................... 6

*Tex. Ass'n of Sch. Bds. Risk Mgmt. Fund v. Benavides Indep. Sch. Dist.,*
221 S.W.3d 732, 737 (Tex. App. San Antonio 2007) ............................................ 5

*Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001) ........... 4

*Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999) ......................... 2, 4

*Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225 (Tex. 2004) ..... 4

*Tooke v. City of Mexia,* 197 S.W. 325 (Tex. 2006) ............................................... 5

**STATUTES & CONSTITUTIONS**                                    **PAGE(S)**

City of Port Isabel City Charter, Section 2.02 ...................................................... 2, 6

Tex. Civ. Prac. & Rem. Code § 101.021-0215 ................................................ 4, 6, 7

Tex. Civ. Prac. & Rem. Code § 37.006 ............................................................. 3, 4

Tex. R. App. P. 6.3 ................................................................................................. 9

Tex. R. App. P. 9.4(e) ........................................................................................... 10

Tex. R. App. P. 9.4(i) ........................................................................................... 10

Tex. R. App. P. 9.4(i)(1) ....................................................................................... 10

Tex. R. App. P. 9.5 (b)(d) and (e) ......................................................................... 9

## STATEMENT OF THE CASE

*Nature of underlying proceeding*    Appellees, Juan Zamora and Martin Cantu were removed from their offices as City Commissioners for violations of the Port Isabel City Charter. Appellees filed suit against Relators, the City of Port Isabel, two City Commissioners, and the Mayor in their personal and official capacities claiming that Appellees should not have been removed from office and seeking an injunction to undue the vote and reinstate them into their offices.

*Action complained of:*    On April 24, 2015, a hearing was held on Appellants Plea to Jurisdiction and Appellee's Temporary Injunction. The Temporary Injunction was erroneously granted on April 24, 2015.

## STATEMENT REGARDING ORAL ARGUMENT

There is sufficient applicable and well-established law to decide this issue without oral arguments. However, if Appellees are granted oral arguments, then Appellants request an equal opportunity to be heard and present argument.

## ISSUES PRESENTED

Whether this Court should reverse the Order of April 24, 2015 denying Appellants' Plea to the Jurisdiction and remand the case to the trial court to proceed on the limited issue of the constitutionality of the City Charter provision at issue.

## STATEMENT OF FACTS

During a properly noticed public meeting, and pursuant to a provision of the Port Isabel City Charter, a City Commission vote was held and by majority vote duly recorded, Appellees were removed from their offices as City Commissioners due to violations of the City Charter which prohibited certain types of business relationships between City Commissioners and the City. Port Isabel City Charter provides in Section 2.02 for disqualification of office holders and candidates for City elected office for, among other things, doing business with the City. Appellees filed suit against Appellants in their individual and official capacity for their actions in voting to remove Appellees from their positions on the City Commission for violation of Section 2.02 of the City Charter by each Appellee. Appellees contend by their petition that they should not have been removed or, in the alternative, that Appellant Torres should also be removed. Appellees sought and obtained a temporary injunction requiring reinstatement of Appellees as voting members of the Port Isabel City Commission. Appellant City timely filed a properly-pled plea to the jurisdiction along with their answer subject thereto. CR23. That plea to the jurisdiction is based on municipal sovereign immunity which bars all claims brought by Appellants, except for a challenge to the constitutionality of the City Charter provision at issue, which was provided in a limited waiver under the Texas Torts Claims Act. CR23-25. Appellant conceded

1

this point at the Temporary Injunction hearing and requested that all other claims be dismissed as there is no jurisdiction for any other claim against the City. Transcript of Hearing on Temporary Injunction and Plea to Jurisdiction, p. 7, ln. 13-20; RR:1  Appellant's Plea to the Jurisdiction was denied in whole. CR101. Appellants then filed this Appeal of the denial of the City's timely filed and properly pled Plea to the Jurisdiction. CR102.

## SUMMARY OF THE ARGUMENT

Appellees made claims against Appellant City of Port Isabel regarding the City Commission's properly-noticed vote to remove Appellees from their positions on the City Commission due to their violation of the City Charter, specifically Section 2.02, which prohibits Commissioners from conducting business with the City. The Trial Court does not have subject matter jurisdiction over Appellees' claim due to Municipal Sovereign Immunity provided pursuant to *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999) (Sovereign Immunity beats subject matter jurisdiction unless suit is expressly consented to) and *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004) (Sovereign Immunity extends to municipalities)

Appellees also made claims against Appellant City of Port Isabel seeking a declaration that Section 2.02 of the City Charter is unconstitutional. The trial court has subject matter jurisdiction over this claim due to an express waiver for

2

declaratory challenges to the constitutionality of a statute or ordinance. Tex. Civ. Prac. & Rem. Code Sec. 37.006(b).

Appellees pray this Court will reverse the part of the Trial Court's order denying the Plea to Jurisdiction and remand the case to the Trial Court to proceed on the constitutionality issue only.

## ARGUMENT AND AUTHORITIES

**A.    There is no subject matter jurisdiction for all but one of the Appellees' claims against the City of Port Isabel**

| Against City of Port Isabel for Appellees' removal from office | ¶12(b) of Appellees' Amended Petition | The removal of commissioners is a governmental function to which governmental immunity applies. There is no waiver of immunity for governmental functions.[1] |
| --- | --- | --- |
| Against City of Port Isabel that City Charter § 2.02 is unconstitutional | ¶12(c) of Appellees' Amended Petition | *Survives under the waiver of immunity in Tex. Civ. Prac. & Rem. Code § 37.006.* |

**B.    The court does not have subject matter jurisdiction, because their cause is based in a governmental function with no applicable waiver of municipal sovereign immunity.**

A plea to the jurisdiction is a dilatory plea by which a party challenges a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). The party suing the governmental

---

[1] *Id.*

3

entity bears the burden of affirmatively showing that the trial court has jurisdiction to hear the cause. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001).

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the State expressly consents to a suit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999). Governmental immunity operates like sovereign immunity and affords a similar protection to subdivisions of the State, including counties and cities. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). The Texas Tort Claims Act ("TTCA") provides a limited waiver of immunity, allowing suits to be brought against governmental units in certain, narrowly-defined circumstances. *Miller,* 51 S.W.3d at 587; Tex. Civ. Prac. & Rem. Code 101.021. The TTCA expressly waives sovereign immunity in three areas: "use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225 (Tex. 2004) (quoting *City of Cameron v. Brown,* 80 S.W.3d 549, 554 (Tex. 2002)); Tex. Civ. Prac. & Rem. Code 101.021. The TTCA also provides a waiver or immunity for declaratory challenges to the constitutionality of a statute or ordinance. Tex. Civ. Prac. & Rem. Code Sec. 37.006(b). While Appellees had failed to comply with the specific requirements of Sec. 37.006 when their lawsuit was filed and when the City filed its Plea to the Jurisdiction, Appellees claimed to

4

have cured that defect by the time of the Hearing, and as a result, the City conceded jurisdiction on this single point – the constitutionality of the City Charter provision at issue. For all other claims of Appellees, the City has always and does hereby assert governmental immunity and that there is no jurisdiction for any other claim that Appellee's assert.

Sovereign Immunity extends to municipalities. *State v. City of Galveston,* 175 S.W.3d 1, 5 (Tex. App. Houston 1st Dist. 2004). Municipalities have immunity from suit by private persons and other governmental agencies when performing governmental functions. *City of Galveston,* 175 S.W.3d at 5; *Tex. Ass'n of Sch. Bds. Risk Mgmt. Fund v. Benavides Indep. Sch. Dist.,* 221 S.W.3d 732, 737 (Tex. App. San Antonio 2007).

Governmental functions, for which Municipalities do have immunity from suit, "are those in the performance of purely governmental matters solely for the public benefit." *City of San Antonio v. Polanco & Co., L.L.C.,* 2007 Tex. App. LEXIS 8634 (Tex. App. San Antonio Oct. 31, 2007) quoting *Tooke v. City of Mexia,* 197 S.W. 325 (Tex. 2006). The governmental functions of a municipal corporation have been defined as those acts which are public in nature and performed by the municipality "as the agent of the State in furtherance of general law for the interest of the public at large." *Gates v Dallas,* 704 S.W.2d 737, 738-739 (Tex. 1986). Governmental functions include actions such as tax collection,

building codes and inspections, zoning, community development activities, and the hiring and firing of city employees. *Tex. Civ. Prac. & Rem. Code 101.0215*; *Temple v. City of Houston,* 189 S.W.3d 816, 819 (Tex. App. Houston 1st Dist. 2006) (notes hiring and firing of city employees is a governmental function); *City of LaPorte v Barfield,* 898 S.W.2d 288, 291 (Tex. 1995) (hiring and firing of city employees is a governmental function); *City of Cockrell Hill v. Johnson,* 48 S.W.3d 887 (Tex. App. Fort Worth 2001) (hiring and firing of city employees is a governmental function).

Appellees' cause of action is based on the enforcement of a provision of the Port Isabel City Charter by a vote of the Port Isabel City Commission, which is an integral part of the city government. The City Charter provides:

> The Mayor, Commissioners, and other officers and employees… and shall not be interested in the profits or emoluments or any contract, job, work or service for the City of Port Isabel, or interested in the sale or lease to or by the City of any property, real or personal… Any officer or employee of the City who shall cease to possess any of the qualifications herein required shall forthwith forfeit his or her office..

Port Isabel City Charter Section 2.02

By entertaining a duly posted agenda item at a properly and duly-noticed public meeting and carrying out the City Charter mandate by considering and voting on the item the Port Isabel City Commission was not performing a role that could be performed by a private citizen. The City Commission was not performing an act that was solely beneficial to the city government and employees of the city

6

government. The City Commission was acting as a part of the City of Port Isabel government, on behalf of the welfare of the general public in performing duties related to the enforcement of city law, the City Charter, with respect to public officials of the City. See *City of Cockrell, Supra*, where the court found that the hiring and firing of city employees was a governmental function that provides the municipality with immunity from suit. The actions of the Port Isabel City Commission in voting to remove one or more commissioners pursuant to specific provisions and procedures set forth in the duly-adopted Port Isabel City Charter is a governmental function and as such, the City is immune from suit under the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code 101.021-0215.

## CONCLUSION AND PRAYER

Appellant City's Plea to the Jurisdiction was properly pled and founded in well-established law regarding sovereign immunity. Appellees sue for the government function of hiring and firing city employees. There is no case or controversy to create subject matter jurisdiction over Appellant City, and likewise, no bar or exception to municipal sovereign immunity to allow suit against the City. The only cause of action that should be remanded is the Appellee's challenge to the constitutionality of the specific Charter provision.

Therefore, Appellant City of Port Isabel prays this court will reverse the order denying Appellants' Plea to Jurisdiction, and remand this cause with

7

instructions for the trial court to proceed on the limited claim of the constitutionality of the Charter Provision, and to dismiss all other claims against the City.

Respectfully submitted,

_____

Robert L. Collins
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116
P.O. Box 7726
Houston, Texas 77270-7726
(713) 467-8884
(713) 467-8883 Facsimile
houstonlaw2@aol.com
ATTORNEYS FOR CITY OF
PORT ISABEL

# CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, on this 26th day of June, 2015 and July 3, 2015:

**Counsel for Appellees**
Gilbert Hinojosa
622 East St. Charles St.
Brownsville, Texas 78520
Fax: 1-956-544-1335
ghinojosa@ghinojosalaw.net

Michael R. Cowen
THE COWEN LAW GROUP
62 E. Price Road
Brownsville, TX 78521
 (956) 504-3674 Facsimile
michael@cowenlaw.com

Frank E. Perez
FRANK E. PEREZ & ASSOCIATES, PC
300 Mexico Boulevard
Brownsville, TX 78520
 (956) 504-5991 Facsimile
fperez@feperezandassociates.com

_____
Robert L. Collins

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 1,884 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

_____
Robert L. Collins

10

# CERTIFICATION

STATE OF TEXAS     §
                     §
COUNTY OF HARRIS  §

BEFORE ME, the undersigned authority, on this date personally came and appeared, Audrey Guthrie, who being duly sworn, on her oath deposed and stated the following:

"My name is Audrey Guthrie. I am an attorney duly licensed to practice law in the state of Texas. I am over twenty-one (21) years of age and am otherwise competent to execute this Certification.

"I am an attorney for Appellants. I have read and reviewed the foregoing Appellants' Brief and concluded that every factual statement in the brief is supported by competent evidence included in the Appendix or Record.

"All the Appendices included with this Appellants' Brief are true and correct copies."

_____
Audrey Guthrie

SWORN TO AND SUBSCRIBED BEFORE ME on this 24th day of June, 2015, to certify which witness by and seal of office.

_____
Notary Public in and for the State of Texas

GRETA J. KIRKLAND
Notary Public, State of Texas
My Commission Expires
April 29, 2017

11

NO. 13-15-00218-CV

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI - EDINBURG

**CITY OF PORT ISABEL, TEXAS, MARIA DE JESUS GARZA,
GUILLERMO TORRES AND JOE E. VEGA
Appellants,**

**VS.**

**JUAN JOSE "JJ" ZAMORA, SR., AND MARTIN C. CANTU
Appellees.**

From Cause Number 2015-DCL-02342
In the 444th Judicial District Court of Cameron County, Texas

**APPENDIX**

Tab A      Order denying City of Port Isabel's Plea to the Jurisdiction, signed
            April 24, 2015

# TAB A

CAUSE NO. 2015-DCL-02342

| | | |
|---|---|---|
| JUAN JOSE "JJ" ZAMORA, SR. AND | § | IN THE DISTRICT COURT OF |
| MARTIN C. CANTU, | § | |
|     Plaintiffs, | § | |
| | § | |
| | § | |
| VS. | § | CAMERON COUNTY, T E X A S |
| | § | |
| CITY OF PORT ISABEL, TEXAS; | § | |
| MARIA de JESUS GARZA, | § | |
| GUILLERMO TORRES, AND JOE E. | § | |
| VEGA, | § | |
|     Defendants. | § | 444th JUDICIAL DISTRICT |

## ORDER DENYING CITY OF PORT ISABEL'S PLEA TO THE JURISDICTION

BE IT REMEMBERED that on the _____ day of April, 2015, came on to be heard the Defendant City of Port Isabel's Plea to the Jurisdiction. All parties appeared through their respective attorneys of record and submitted argument and authorities to the Court. After hearing such argument and considering the pleadings and briefs filed by the parties, the Court is of the opinion that Defendants' motion should be denied.

It is hereby Ordered by this Court that the Defendant City of Port Isabel's Plea to the Jurisdiction is DENIED.

SIGNED AND ENTERED this _____ day of _____, 2015.

_____
JUDGE PRESIDING

COPIES TO:
Robert L. Collins, P.O. Box 7726, Houston, Texas 77270-7726
Michael R. Cowen, 62 E. Price Road, Brownsville, TX 78521
Frank E. Perez , 300 Mexico Boulevard, Brownsville, TX 78520
Gilbert Hinojosa, 622 East St. Charles St., Brownsville, Texas 78520

FILED 3:30 o'clock P M
**ERIC GARZA** - DISTRICT CLERK

APR 24 2015

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____Deputy #19

1